UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
HENRY BOYD,

                  Plaintiff,

-against-

DR. CROSS, Unit #6; Head Director, Unit #6;
2nd in command Nurse; Porter; Discharge Hospital
Police Sgt.; Bill Collector,
                  Defendants.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**14-CV-3154 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Henry Boyd, currently incarcerated on Rikers Island, filed this pro se action pursuant to 42 U.S.C. § 1983. (See Compl. (Dkt. 1).) Plaintiff seeks in forma pauperis status (Dkt. 2) and $65 million in damages.

**I. PRISON LITIGATION REFORM ACT'S "THREE STRIKES" PROVISION**

Pursuant to the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). While incarcerated, Plaintiff has filed at least three in forma pauperis actions which have been dismissed as frivolous or malicious or for failure to state a claim. See Boyd v. New York City, No. 01-CV-6342 (DGT), slip op. (E.D.N.Y. Oct. 26, 2001) (barring plaintiff from filing any further in forma pauperis action in this court pursuant to 28 U.S.C. § 1915(g)); Boyd v. New York City, Nos. 01-CV-5677, 01-CV-5676, 01-CV-5655 and 01-CV-

1

5069 (DGT), slip op. (E.D.N.Y. Sept. 19, 2001); Boyd v. Dep't of Corr. Servs., Nos. 01-CV-4316, 01-CV-4257 (DGT), slip op. (E.D.N.Y. July 11, 2001); Boyd v. New York City, No. 01-CV-4257 (DGT), slip op. (E.D.N.Y. July 11, 2001).

Therefore, Plaintiff is barred under the "three-strikes" provision of the in forma pauperis statute, unless he can show that he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); see, e.g., Boyd v. New York City, No. 01-MC-0200 (DGT), slip op. (E.D.N.Y. Oct. 19, 2001). Here, Plaintiff alleges that Defendant Dr. Cross repeatedly prescribed "deadly medications," and states that the role of the other Defendants could be explained at trial. (Compl. at 3, ¶ II (D).) Plaintiff does not state which medications he was prescribed. (See id.) Plaintiff writes that his injuries were "close to death etc." and provides no other explanation regarding what his injuries were, when and how they were sustained, or whether he took the medication he was prescribed.[1] (Id. at 3, III.) Plaintiff's claim against Defendants is thus insufficient to show that he was in "imminent danger of serious physical injury" at the time he filed the Complaint. Malik v. McGinnis, 293 F.3d 559, 563 (2d Cir. 2002) ("the language of 1915(g) makes clear that the 'imminent danger' exception only applies to danger existing at the time the complaint is filed."); see also Polanco v. Hopkins, 510 F.3d 152 (2d Cir. 2007) (upholding constitutionality of § 1915(g)). As a precaution, however, the court will dismiss Plaintiff's claim without prejudice.

## II. CONCLUSION

Accordingly, plaintiff's request to proceed in forma pauperis is DENIED pursuant to 28 U.S.C. § 1915(g) and the action is DISMISSED without prejudice. The court certifies pursuant

---

[1] In a related case, Plaintiff contends that another doctor defendant prescribed him lithium and claims to have learned that lithium can sometimes have fatal side effects. Boyd v. Roman, No. 14-CV-3117 (NGG). Although the court lacks enough information to be sure, it considers that Plaintiff's complaint in this case may relate to his concerns about possible fatal side effects of lithium.

2

to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      May 27, 2014

NICHOLAS G. GARAUFIS
United States District Judge

3